S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**JANE SHOEMAKER**
Assistant United States Attorney
Jane.Shoemaker@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:14-CR-00032-JO |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| SAMUEL DOW HOWARD, JR., | Sentencing: February 18, 2015 |
| Defendant. | |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and Jane Shoemaker, Assistant United States Attorney, submits the following sentencing memorandum for the Court's consideration.

**I.     INTRODUCTION**

On November 12, 2014, defendant Samuel Dow Howard, Jr., pled guilty to Count 1 of the indictment pursuant to a written plea agreement under Fed. R. Crim. P. 11(c)(1)(B).

Defendant was charged in Count 1 with a violation of the Mann Act (18 U.S.C. § 2421), that is – with transporting, or causing the transport of, an individual across state lines, with the intent that the individual engage in prostitution.  Sentencing is set for Wednesday, February 18 at 10:00 a.m.

A presentence report (PSR) has been completed.  The government agrees with the facts and the guideline calculation set forth in the PSR.  The guideline calculation is consistent with that set forth in the plea agreement.  Defendant's criminal history score, however, is lower than the parties anticipated – according to ¶ 8 of the plea agreement, the parties anticipated defendant would be in Criminal History Category IV; however, his criminal history score was properly calculated in ¶ 45 of the PSR as level III.  As noted in the PSR, the government agreed to recommend a one-level variance for defendant's "early disposition."  If the Court adopts the guideline calculations set forth in the PSR, the guideline range would be 15-21 months, prior to any variance.  If the Court follows the government's recommendation that defendant receive a 1 level variance for pleading guilty without litigating any pretrial motions, the advisory guideline range would be 12-18 months.  Consistent with the plea agreement, the government recommends the Court sentence defendant to 12 months in custody, to be followed by a five year term of supervised release.  Defendant is free to seek any sentence.

## II.    FACTS AND PROCEDURAL HISTORY

By his own admissions, defendant has been a pimp for approximately ten years.  In this case, he was charged with transporting, or causing the transport of, a single victim – a 20 year old adult, "T.C.," from Oregon to Idaho on or about July 6, 2013, with the intent that T.C. engage in prostitution.  Defendant told an undercover agent that T.C. had been working for him for approximately a year and a half, and that he had two other prostitutes who also worked for

him at the same time.  Travel records established T.C.'s travel from Oregon to Idaho on July 6, 2013.

A federal grand jury indicted defendant on January 23, 2014.  Defendant was arraigned on February 26, 2014, and was released pending trial following a detention hearing on March 3, 2014.  On November 12, 2014, defendant pled guilty to Count 1, prior to filing any pretrial motions.  Other than one violation for using cocaine on the anniversary of his mother's death, defendant has done well on pretrial supervision.

### III.    SENTENCING CONSIDERATIONS

#### A.    Legal Background

Although the sentencing guidelines are now advisory, *United States v. Booker*, 543 U.S. 220 (2005), they still serve as the starting point and initial benchmark in all sentencing proceedings.  *Peugh v. United States*, ___ U.S. ___, 133 S. Ct. 2072, 2080 (2013); *Gall v. United States*, 552 U.S. 38, 49 (2007).  They are a statutory factor that sentencing courts must consider when imposing a sentence, *see* 18 U.S.C. §3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."  *Rita*, 551 U.S. at 350.  Thus, when a sentencing judge's "discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable."  *Id*. at 351.  In short, sentencing decisions remain "anchored" by the guidelines.  *Peugh,* 133 S. Ct. at 2083.

While the guidelines remain "the lodestone of sentencing," and "cabin the exercise" of a sentencing court's discretion, *id*. at 2084, the Court must also consider all the factors under 18 U.S.C. § 3553(a), including the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need

to promote respect for the law, and the need to protect the public from further crimes committed by the defendant.  18 U.S.C. §§3553(a)(1)-(2).  Other factors include the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense,  18 U.S.C. § 3553(a)(7).  *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).   These same factors should be considered in determining whether to impose a term of probation, as well as the length and conditions of such a term.  *See* 18 U.S.C. § 3562(a); *United States v. Corpuz*, 953 F.2d 526, 529 (9th Cir. 1992) (abrogated on other grounds by, *United States v. Granderson*, 511 U.S. 39 (1994)).

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit, sitting en banc, summarized the procedures a sentencing court must follow.  The Court must first correctly determine the applicable guideline range.  *Id*. at 991.  The Court must also allow the parties to "argue for a sentence they believe is appropriate," and must "consider the §3553(a) factors to decide if they support the sentence suggested by the parties."  *Id*.  The Court may not presume the guidelines are reasonable, and should not give them any more or any less weight than any other factor.  *Id*.  The Court "must make an individualized determination based on the facts," and must explain its choice of sentence "sufficiently to permit meaningful appellate review."  *Id*. at 991-92.

### B.     Sentencing Recommendation

In light of all of the facts and circumstances of this case, the government recommends that the Court sentence defendant to 12 months in custody, to be followed by a five year term of supervised release.  This recommendation is at the low end of the advisory sentencing guideline

range if the Court follows the government's recommendation for a one-level variance for defendant's decision to plead guilty without litigating any pretrial motions, saving the government and the Court additional resources than that contemplated by the standard reduction for acceptance of responsibility under USSG § 3E1.1(a).  The government typically recommends the low end of the guideline range when defendants choose to plead guilty, and oftentimes agrees to recommend an additional one to two level variance if a defendant pleads guilty without litigating pretrial motions, as an incentive to resolve the case expeditiously.

The government believes the factors under 18 U.S.C. § 3553(a) support the recommended sentence.  Although sex trafficking is a very serious offense, this case is less egregious than others, inasmuch as the victim, T.C., was a 20 year old adult and the undersigned is unaware of any evidence that the defendant used force or violence to traffick T.C.  In addition, defendant's convictions are mostly dated and those in the past ten years involve only traffic offenses.  Given the totality of the circumstances, including defendant's overall success on pretrial supervision, the government believes the recommended sentence is sufficient, but not greater than necessary, to serve the goals of sentencing under Section 3553.

## IV.    FINES, FEES, FORFEITURE, AND RESTITUTION

Consistent with the plea agreement, the government does not recommend any fine.  However, the Court must order defendant to pay the mandatory fee assessment of $100 pursuant to 18 U.S.C. § 3013.

On November 13, 2014, this Court entered a preliminary order of forfeiture in which defendant's interest in $1,200.00 in U.S. currency was forfeited.  This forfeiture is part of the defendant's sentence.  Therefore, at the time of sentencing, the government respectfully requests this Court orally impose forfeiture as part of defendant's sentence, and include forfeiture in the

Judgment and Commitment Order. The government has advertised and no petitions have been filed. The government will present the final order of forfeiture for the Court's signature at sentencing.

The government has not received any claims for restitution from the victim in this case. Accordingly, the government will not be seeking a restitution order.

## V. DISMISSAL OF COUNTS AND APPEAL

Pursuant to the parties' plea agreement, the government will move at sentencing to dismiss Count 2 of the indictment.

Defendant's plea agreement contains a standard waiver of appeal.

DATED this 11th day of February 2015.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney


*/s/ Jane Shoemaker*
JANE SHOEMAKER
Assistant United States Attorney